UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-P260-H

JA-RON TEAGUE                                                                                    PLAINTIFF

v.

TOM CAMPBELL *et al.*                                                                        DEFENDANTS

### MEMORANDUM OPINION

Plaintiff, a convicted felon, filed this action against the Louisville Metro Department of Corrections and its Director Tom Campbell in the Jefferson County Small Claims Court. The complaint alleges that Defendants have violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by failing to provide him with prescription eyeglasses. Plaintiff also seems to be alleging that Defendants' conduct violates Kentucky Revised Statute section 441.045. The complaint demands damages in the amount of $1500.00. Defendants removed the state court action to this Court. Defendants assert that this Court has original jurisdiction over the federal claims under 28 U.S.C. § 1331. Plaintiff has not requested a remand to state court.

Because this Court has subject matter jurisdiction over the constitutional claims, removal is proper. The Court must now screen the complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the federal claims and decline to exercise supplemental jurisdiction over the state law claim, mandating its remand to state court.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Sixth Circuit does not recognize direct constitutional claims because 42 U.S.C. § 1983 "is the exclusive remedy for the alleged constitutional violations" by state actors. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987) ("In cases where a plaintiff states a constitutional claim under 42 U.S.C. § 1983, that statute is the exclusive remedy for the alleged constitutional violations), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989); *see also Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704 (9th Cir. 1992) ("[A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983."). To state such a claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).

The Louisville Metro Department of Corrections is not a "person" subject to suit under § 1983 as municipal departments, such as jails, are not amendable to suit under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). Therefore, Plaintiff's claims against the Louisville Metro Department of Corrections must be dismissed.

Plaintiff's complaint does not indicate whether he is suing Defendant Campbell in his individual or official capacitiy. In *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989), the Sixth Circuit concluded that plaintiffs have an affirmative duty to specify the capacity in which they are suing defendants. This circuit seems to have adopted a "course of proceedings" test to determine whether a § 1983 defendant has received notice of a plaintiff's intent to hold him

personally liable despite a failure to label the claims as such. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001)(en banc). Under the "course of proceedings" test, the principal inquiry is whether the defendant has received any notice that the plaintiff has brought a claim against him in his individual capacity. *Id.* In deciding the question of notice, the "course of proceedings" test directs courts to examine such factors as the language in the complaint.

Here, the complaint lacks any allegations directed at Defendant Campbell's individual behavior. Accordingly, the Court finds that Plaintiff's claim is against Defendant Campbell in his official capacity only. Because Plaintiff sued Defendant Campbell in his official capacity, he has effectively sued the Louisville Metro Government. *See Lambert v. Hartman*, 517 F.3d 433 (6th Cir. 2008). A municipality such as the Louisville Metro Government cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Simply stated, to present a viable claim, Plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)). Here, Plaintiff has not alleged that Defendant Campbell's actions were part of any policy or custom. As such, his official capacity claims against him will be dismissed.

Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726, (1966); *Province v.*

*Cleveland Press Publ'g Co.*, 787 F.2d 1047, 1055 (6th Cir. 1986) ("[T]his circuit has adopted the position that the district courts have minimal discretion to decide pendent state law claims on the merits once the basis for federal jurisdiction is dismissed before trial."). Because the Court will dismiss all federal claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over the remaining state law claim (whether Defendants are in violation of KRS § 441.045 and will remand that claim to the state court where this action originated.

        The Court will enter an Order consistent with this Memorandum Opinion.

Date:


cc:    Plaintiff, *pro se*
        Counsel of record
        Clerk, Jefferson County Small Claims Court

4412.008